UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY ENWERE,<br><br>    Plaintiff,<br><br>  v.<br><br>PETER FINCK,<br><br>    Defendant.<br>_____/ | Case No. C-11-00727 JCS<br><br>**ORDER RE:**<br><br>1) **PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>2) **PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL;**<br><br>3) **DEFENDANT'S MOTION TO DISMISS**<br><br>4) **DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>5) **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>6) **PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**[DOCKET NO. 2, 5, 7, 23, 26, 28]** |

**I.  INTRODUCTION**

Plaintiff initiated this action on February 17, 2011, filing a complaint that named as Defendant "Peter Fink, County Counsel" and carried a caption which was partially illegible but included the words "Fraudulent Negligence done to Cathy Enwere by Mr. Peter Finck." [Docket No. 1]. Although largely incoherent, the Complaint appeared to be based on the alleged wrongful production of documents by Mr. Finck's client, the County of San Mateo, in response to an order signed by Magistrate Judge Trumbull, of this Court. *Id*.

On the same date she filed her complaint, Plaintiff filed a Motion to Proceed in Forma Pauperis. [Docket No. 2]. On February 25, 2011, Plaintiff filed a consent to the jurisdiction of the

1  undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). [Docket No. 3]. On March 2, 2011,
2  Plaintiff filed a motion requesting appointment of counsel. [Docket No. 5].

3  Although there is no indication in the record that Plaintiff formally served the complaint on
4  Mr. Finck, Defendant filed a consent to magistrate jurisdiction on March 10, 2011 [Docket No. 6]
5  and filed a Motion to Dismiss Complaint [Docket No. 7] on the same day. In the Motion to Dismiss,
6  Defendant argued that the action should be dismissed, in its entirety, for two reasons. First, he
7  asserted that there was no federal subject matter jurisdiction because Plaintiff asserted in her
8  complaint only claims for fraud and/or negligence, which are state law claims (precluding federal
9  question jurisdiction under 28 U.S.C. § 1331), and the parties are both California residents
10 (precluding diversity jurisdiction under 28 U.S.C. § 1332).

11 Second, he argued that even if there were federal jurisdiction over Plaintiff's claims, her
12 claims are barred under the doctrine of res judicata because the issues raised in them were fully
13 litigated in an earlier action in this Court, *Enwere v. Terman Associates*, Case No. C-07-1239 JF
14 (PVT)("Fisrt Enwere Action"). In that case, Plaintiff alleged racial discrimination for which she
15 claimed to have suffered mental and emotional distress. Defendants issued a subpoena seeking
16 production of Plaintiff's mental health records from the County of San Mateo and subsequently
17 brought a motion to compel. Although Plaintiff opposed the motion, Magistrate Judge Trumbull, to
18 whom the discovery motion was referred by the district court, granted the motion to compel in an
19 order filed on January 22, 2009, and District Judge Fogel overruled Plaintiff's objections to
20 Magistrate Judge Trumbull's order on February 9, 2009. In response to the court's order, the
21 County of San Mateo produced Plaintiff's mental health records pursuant to the subpoena. In a
22 subsequent action, *Enwere v. San Mateo Mental Health*, Case No. 10-03235 SI ("Second Enwere
23 Action"), Plaintiff filed a civil rights action under 42 U.S.C. § 1983 against The San Mateo County
24 Health Clinic and various county employees claiming that the disclosure of her mental health
25 records in the earlier action was unlawful. Defendant in this action, Peter Finck, as county counsel,
26 represented all of the defendants in the Second Enwere Action. In that case, Judge Illston found that
27 Plaintiff's claims were barred under the doctrine of res judicata because "the issue of the legality of
28

2

San Mateo County's compliance with the subpoena and the relevance of the documents produced was fully and actually litigated in the [First Enwere Case] and cannot be attacked here." December 13, 2010 Order Granting Motion to Dismiss with Prejudice.

On May 23, 2011, before the Court had ruled on Defendant's Motion to Dismiss, Plaintiff filed a First Amended Complaint [Docket No. 21]. The First Amended Complaint, like the original complaint, is based on the alleged wrongful production of Plaintiff's mental health records in the First Enwere Action and asserts a claim for "fraudulent negligence." Defendant then filed a Motion to Dismiss First Amended Complaint [Docket No. 23], again arguing that the action should be dismissed because the Court does not have subject matter jurisdiction over Plaintiff's claims and the claims are barred under the doctrine of res judicata.

Finally, Plaintiff has filed a motion for summary judgment [Docket No. 26] and a motion for sanctions [Docket No. 28].

The Court rules on the pending motions as set forth below. Because the Court finds that the motions are suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b), the Court **vacates** the hearing set for Friday, **August 12, 2011.**

## II.   MOTION TO PROCEED IN FORMA PAUPERIS

The Court has reviewed Plaintiff's application to proceed in forma pauperis and finds that Plaintiff is indigent. Nonetheless, as discussed below, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's complaint and that even if there were federal jurisdiction over Plaintiff's claims in this action, those claims would be barred under the doctrine of res judicata. As a result, Plaintiff's claims fail as a matter of law and amendment of the complaint is futile. Therefore, the Court DENIES Plaintiff's Motion to Proceed In Forma Pauperis.

## III.   MOTION FOR APPOINTMENT OF COUNSEL

Under 28 U.S.C. § 1915(e)(1), the court is authorized to appoint an attorney to represent any person unable to afford counsel where there are "exceptional circumstances." 28 U.S.C § 1915(e)(1); *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). Having reviewed the record

3

of this case, the Court does not find that there are exceptional circumstances that warrant appointment of counsel. Therefore, Plaintiff's Motion for Appointment of Counsel is DENIED.

### IV. MOTION TO DISMISS FIRST AMENDED COMPLAINT[1]

The Court notes at the outset that Plaintiff's pleadings are, by and large, incoherent. To the extent that the Court can glean the basis for Plaintiff's claims, the Court finds that Plaintiff has not alleged any grounds for federal subject matter jurisdiction. It is undisputed that both Plaintiff and Defendant (whether sued in his individual capacity or in hs capacity as county counsel of San Mateo County) are residents of California. Therefore, there is no diversity jurisdiction under 28 U.S.C. § 1332. Nor does Plaintiff articulate any federal claim in her First Amended Complaint. Therefore, there is no federal question jurisdiction under 28 U.S.C. § 1331. Accordingly, Plaintiff's claims are subject to dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

The Court further finds that although leave to amend should be given freely when "justice so requires," Fed. R. Civ. Proc. 15(a), in this case amendment is futile. Although Plaintiff's claims might be amended to state a federal civil rights claim based on the alleged wrongful disclosure of her mental health records, such a claim was already directly addressed in the Second Enwere Action and found to have been barred under the doctrine of res judicata. Because Plaintiff cannot remedy the defects of her complaint by amendment, Plaintiff shall not be permitted to file an amended complaint in this action.

### V. MOTION FOR SANCTIONS

The Court has reviewed Plaintiff's motion for sanctions and finds no cognizable basis for awarding sanctions against Defendant. Accordingly, that motion is DENIED.

### VI. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Proceed In Forma Pauperis [Docket No. 2], Motion for Appointment of Counsel [Docket No. 5] and Motion for Sanctions [Docket No. 28] are DENIED. Defendant's Motion to Dismiss [Docket No. 7] and Plaintiff's Motion for Summary

---

[1] Because Defendant's Motion to Dismiss was rendered moot by the filing of Plaintiff's First Amended Complaint, the Court denies the original Motion to Dismiss on that basis.

4

Judgment [Docket No. 26] are DENIED as moot. Defendant's Motion to Dismiss First Amended Complaint [Docket No. 23] is GRANTED and Plaintiff's complaint is dismissed for lack of jurisdiction**. The hearing set for August 12, 2011 is vacated.** The Clerk is instructed to close the file in this case.

     IT IS SO ORDERED.

Dated: August 2, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge